VINES M. LINDSEY *vs.* SETH C. PLATNER, Administrator.

L. purchased at sheriff's sale, in the year 1845, six negroes, as the property of N., deceased, and at the time he purchased, L. stated to those present that he was purchasing them for the widow of N. ; and it also appears that L., in the same year, made a settlement with Mrs. N., the administratrix of her husband, by which she paid the purchase-money at the sheriff's sale, except about $1000, and received from L. four of the negroes ; and it was understood that if the said sum of $1000 was paid by a specified time, then L. was to surrender the other two slaves. *Held*, that L. must be treated as a trustee for the benefit of the creditors and distributees of the estate of N., deceased, to the amount of the property he holds, and hire due, with the interest due thereon.

It would appear that L. executed his trust in part, and the presumption arises that the hire as to the four slaves, at the time the settlement was made with Mrs. N., was adjusted. *Held*, that the decree of the court below be reversed, and that an account of the hire of said slaves from the date of the sheriff's sale be taken, to be considered due annually, and that interest be allowed at eight per cent. on the $1000 from the day of the sheriff's sale ; and if the said $1000 be not paid in a reasonable time, said two slaves to be sold to pay the same.

ON appeal from the vice-chancery court, at Carrollton ; Hon. Henry Dickinson, vice-chancellor.

The facts of the case are contained in the opinion of the court.

*Sheppard & Acee*, for appellant.

Mr. Justice FISHER delivered the opinion of the court.

Vines M. Lindsey, in March, 1845, purchased at a sheriff's sale under an execution against John A. Newell, deceased, six slaves, at a sum of $800 or a $1000 less than their value. It appears that the sheriff at the request of Lindsey, instead of selling the slaves separately, sold them in a lot ; that Lindsey stated to the persons present that he was purchasing for the benefit of the widow of the deceased, and thus lulled competition.

Lindsey *v.* Platner.

It also appears that at the March term, 1845, of the probate court of Choctaw county, Mrs. Newell was appointed administratrix on her husband's estate, and some time during the same year made a settlement with Lindsey, by which she paid him the purchase-money at the sheriff's sale, except about $1000, and received from him four of the slaves; that the said sum of $1000 was to be paid by a specified time, when Lindsey was to surrender the other two slaves.

The decree of the chancellor orders Lindsey to deliver all of said slaves to the complainant, and that an account be taken of their hire, &c. From this decree an appeal was prayed to this court.

Under the case made by the pleadings and proof, Lindsey must be treated as a trustee for the benefit of the creditors and distributees of Newell's estate. We are bound to presume, however, from the proof in the record, that in part at least, he executed this trust by the settlement made with Mrs. Newell, in 1845. The record from the probate court shows her appointment as administratrix, and nothing appears to show that she had resigned or had been removed when this settlement was made. The fact may be otherwise, but the complainant must make the proof. The presumption also exists that the hire, as to the four slaves, was at the same time adjusted. Of course, the administratrix could derive no benefit personally from this settlement; whatever was made, would belong to Newell's estate. This question, however, is not now before us, as she is not a party to the record.

The decree of the chancellor will be reversed, and decree rendered in the court below for the two slaves not delivered. An account of their hire will be taken from the date of the sheriff's sale, to be considered as due annually. Interest will be allowed at eight per cent. per annum on $1000, from the day of sheriff's sale. Interest and hire to be due at the same time. The hire to credit the interest, and the excess to be applied to the principal. If said $1000 is not paid in a reasonable time, said slaves to be sold to pay the same, and surplus paid complainant.

Decree reversed, defendant to pay costs, cause remanded.